## THE MARIA AND ELIZABETH.

*(District Court, D. New Jersey.  March 9, 1882.)*

1. COLLISION—DAMAGES.

In a collision case where the vessel was totally lost, where the proofs fairly show that the vessel was worth to the libellant, at the time of the loss, the sum of $2,800, a decree was ordered to be entered for that amount, although the offending vessel was not worth that amount.

2. LIMITED LIABILITY OF OWNERS.

All owners of vessels are not entitled to the privileges of the limitation of liability, but only such as fall within the description named in the act, (section 4283, Rev. St.,) to-wit, those who had no privity or knowledge of the damage incurred; and where the owners may invoke the provisions of this section, the court cannot know, without appropriate proceedings, the value of the offending vessel and the pending freight

3. SAME—STAY OF PROCEEDINGS.

In this case a stay of proceedings was ordered until the owners of the offending vessel have the opportunity of filing a petition on libel according to the rules.

See *The Benefactor*, 93 U. S. 239.

In Admiralty.

*R. P. Wortendyke*, for libellant.

*Flavel McGee*, for respondents.

DIXON, D. J.  The libel was filed in the above case by the owner of the schooner Achorn, to recover damages for the injuries arising from a collision with the Maria and Elizabeth, on the night of March 16, 1880, off Absecom light, on the coast of New Jersey.  Upon a hearing on the merits I held that the respondents' vessel was in fault, and must be held responsible for the total loss of the Achorn.  A reference to a commissioner was ordered to ascertain and report the damages.  See 7 FED. REP. 253.

The testimony being very conflicting as to the value of the libellant's schooner, at the request of the parties I agreed to hear the case upon the proofs, without a report from the commissioner.  I have given the evidence and the arguments careful consideration, and am of the opinion that the proofs fairly show that the vessel was worth to the libellant at the time of the loss the sum of $2,800.  The witnesses for the respondents go much lower than this; and the witnesses for the libellant much higher; but the weight of the evidence points to that sum as the nearest approximation that can be made to the damages incurred by the faulty navigation of the respondents' schooner.

The proctor for the respondents, at the hearing, took the ground that by the provisions of section 4283 of the Revised Statutes the damages in collision cases could never exceed the value of the offending vessel and her then pending freight. It was undoubtedly the intention of that section thus to limit the liability of all owners who were without privity or knowledge of the damage. But the proctor further insisted that no decree could be entered for a larger sum, although the owner or owners had taken no steps, pending the proceedings in the suit, to obtain the benefit of the limited liability, which it was the object of the law to secure to innocent owners. In this he is mistaken. All owners of vessels are not entitled to the privileges of the limitation of liability, but only such as fall within the description named in the act, to-wit, those who had no privity or knowledge of the damage incurred. And where the owners may invoke the provisions of the section, the court cannot know, without appropriate proceedings, the value of the offending vessel and the pending freight. If the owners desire to claim the benefit of the limitation of liability, the duty is upon them to take affirmative steps to secure it. It was perhaps doubtful what these steps should be, or how they should be taken, until the promulgation of rules 54, 55, 56, and 57, in admiralty, growing out of the case of *Norwich Co.* v. *Weight,* 13 Wall. 125. Since then there has been no doubt.

The decree in this case must be entered in favor of the libellant for $2,800 damages, and the costs of suit; but if the respondents are desirous of limiting their liability under the provisions of section 4283, I will grant them a stay of further proceedings (see *The Benefactor,* 103 U. S. 239) until they have the opportunity of filing a petition or libel, according to the rules.

NOTE. The decree in the collision suit estops defendants from again going into the question of fault; but they are not precluded from claiming the benefit of a limited liability, by reason of not having filed their petition until after a trial of the collision case. The appraisement of the offending vessel at the time she was libelled is sufficient for the purposes of the proceeding to obtain limitation of liability. *Steam-ship Co.* v. *Mount,* 2 Morr. Trans. 294. On a petition by the owners of a steam-yacht, where several suits have been brought, the amount involved, as far as such petition is concerned, is the aggregate amount of all the claims in suit. *Parcher* v. *Cuddy,* 3 Morr. Trans. 50.—[ED.

See *National Steam Navigation Co.* v. *Dyer,* notes of cas.s, *post,* p. 525.